IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **BILLIE LAWLESS**<br>4533 Payne Avenue<br>Cleveland, Ohio 44103<br><br>**THE POLITICIAN, A TOY, INC.**<br>4533 Payne Avenue<br>Cleveland, Ohio 44103<br><br>*Plaintiffs,*<br><br>v.<br><br>**CLEVELAND STATE UNIVERSITY**<br>2121 Euclid Avenue,<br>Cleveland, Ohio 44115<br><br>**JOHN DOE 1 & JOHN DOE 2**,<br>unknown individuals associated with<br>Cleveland State University, in their<br>official and individual capacities<br>2121 Euclid Avenue,<br>Cleveland, Ohio 44115<br><br>*Defendants.* | **Case No.:**<br><br>**Judge:**<br><br><br>**VERIFIED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF WITH JURY DEMAND** |

**Preliminary Statement**

1.     This is an action brought by an artist against a public university, and individuals associated with that university, to vindicate the artist's First Amendment rights to free speech, his statutory rights to protect the integrity of his artwork, and for violation of the contract between the parties. This action seeks to

end continuing violations of federal law and the United States Constitution, and for other relief as described herein.

## Nature of the Claims

2. This Complaint is brought pursuant to 42 U.S.C. § 1983, and seeks injunctive relief, declaratory relief, actual and/or statutory damages, attorneys' fees, and costs related to Defendant's violation of Plaintiffs' First Amendment rights, Plaintiff Billie Lawless's rights under the Visual Artists Rights Act of 1990 (17 U.S.C. § 106A), and the parties' contract.

## Parties

3. Plaintiff is the author of a sculpture entitled *The Politician: A Toy* (the "Sculpture"), and owns all copyright interests in the Sculpture.

4. Plaintiff, The Politician, A Toy, Inc., is an Ohio corporation created by Mr. Lawless in order to manage business affairs related to the Sculpture.

5. Cleveland State University is, and at all relevant times, was a public educational institution with its principal campus and administrative offices in Cleveland, Ohio.

6. John Doe 1 is the individual associated with Cleveland State University who was ultimately responsible for censoring Plaintiff's Sculpture.

7. John Doe 2 is the individual associated with Cleveland State University who was ultimately responsible for terminating Plaintiffs' Contract.

8. The identities and capacities of defendants John Doe 1 and John Doe 2 are presently unknown to Plaintiffs, and have been named by fictitious names.

Plaintiffs will amend the Complaint to substitute the true names and capacities of the Doe defendants when ascertained. Plaintiffs are informed, believe, and thereon allege that John Doe 1 and John Doe 2 were at all times relevant herein employees and/or agents of Cleveland State University acting under the color of state law who are responsible for the acts and omissions that form the basis of this Complaint. John Doe 1 & 2 are being sued in both heir official and individual capacities.

9. Plaintiff has a written agreement with Defendant, consisting of an original Agreement, and two Amendments extending the term (collectively, the "Contract"). True and accurate copies of the agreement and the extensions are attached as <u>Exhibits 1–3</u>.

## Jurisdiction and Venue

10. This Court has subject-matter jurisdiction over Plaintiffs' claims which arise under the United States Constitution and Federal Law under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 and the principles of pendent and/or ancillary jurisdiction.

11. This court has personal jurisdiction over Defendants because they own real estate and conduct operations in Cleveland, Ohio.

12. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events which give rise to the claims occurred within the Northern District of Ohio.

## Factual Allegations

13. Plaintiff Billie Lawless is a renowned visual artist. He holds a Bachelors of Fine Arts from Rutgers University (1974) and Masters of Fine Arts from the State University of New York, Buffalo (1982).

### *Plaintiff's History of Political Commentary and Combating Censorship*

14. Mr. Lawless is known for his controversial political works, and has spent much of his career combating censorship through the arts.

15. In 1985, Mr. Lawless's Sculpture, *Green Lighting*, was famously ordered to be removed by then-Mayor of Buffalo, New York, James Griffin. Mr. Lawless obtained an injunction from the New York Supreme Court in order to prevent its destruction.

16. Following the *Green Lightning* controversy, in 1987 Mr. Lawless came to Cleveland and SPACES Gallery for an exhibition entitled *Uncensored*, at which he exhibited his installation work *$…I KNOW IT WHEN I SEE IT…$ (Uncensored Einstein to Uncensored Bork)*, a complex multimedia installation which utilized some of the images that Mayor Griffin found controversial, along with other references to art censorship.

17. In 1988, The City of Columbus, Ohio cited Mr. Lawless for violation of its signage ordinances for his work, *Didy Wah Didy*, a timed-sequence neon installation combining images of an animated mushroom cloud with text, including "ATOMIC PLAYGROUND AHEAD." Mr. Lawless obtained a TRO to remove a black tarp from *Didy Wah Didy* in the Franklin County Court of Common Pleas.

*The Politician: A Toy*

18. *The Politician: A Toy* is a forty-foot tall piece composed of ten tons of steel, epoxy paints, two tons of polypropelene rope, a steel armature structure, fiberglass, cedar, LEXAN, honeycomb aluminum, a transmission with motor and speed reducer, over 30 bearings, drive belts/chains, televisions and other electronics, surrounded by a forty-foot by fifty-foot wrought iron fence with double entendres of political clichés, such as "A THOUSAND POINTS OF SLIGHT," "READ MY HIPS," "AFFIRMATIVE FRICTION," "CONTRADICTION IN AMERICA," and "LAW & BORDERS."

19. Plaintiff began *The Politician: A Toy* in 1976, and it remains a work in progress to this day.

20. Parts of the Sculpture are kinetic: the mouth and wheels are mechanized, and are designed to turn eighteen hours per day with the help of a motor, transmission, and various electrical and other engineering design processes.

21. The electrical and mechanical parts of the Sculpture require regular service, refurbishment, replacement parts, and other maintenance.

22. Along with the regular maintenance of the moving parts, Plaintiff periodically updates the text on the Sculpture with words or phrases that comment on contemporary political dialogue.

23. *The Politician: A Toy* was originally exhibited to the public on private property near the intersection of Chester Avenue and East 66th Street in Cleveland.

*The Contract*

24.     On April 16, 2008, Plaintiff met with Cleveland State University officials to discuss moving *The Politician: A Toy* to Cleveland State University.

25.     On July 25, 2008, Plaintiffs entered into a written contract with Defendant Cleveland State University (the "Contract"), under which CSU paid Plaintiffs $120.00 per year to relocate the Sculpture to CSU's campus and "to provide for the ongoing operation, maintenance and repair of the Sculpture."

26.     The parties agreed that Mr. Lawless would maintain ownership of the Sculpture over the life of the Contract. Contract at ¶30 ("title to the Sculpture shall at all times remain with the Artist…").

27.     Under the Contract, Mr. Lawless warranted that he owned all applicable copyrights in the Sculpture, and authorized CSU "to generate publicity regarding the Sculpture with proper attribution to the Artist." Contract at ¶18. CSU also agreed that it would invite Mr. Lawless to participate in any publicity regarding the sculpture's relocation to CSU. Id. at ¶9.

28.     In the Contract, CSU agreed to reimburse Plaintiff for his ongoing maintenance and repair of the sculpture. Contract at ¶10.

29.     The Contract states "CSU shall have no right or power to modify, disassemble or demolish the Sculpture, or to materially alter the area including within the fence surrounding the Sculpture without the prior written consent of the artist." Contract at ¶15.

30. In the Contract, the parties agreed to comply with all applicable laws, including federal laws, during the course of the Contract. Contract at ¶32.

*Display and Censorship*

31. In and around November 2008, Mr. Lawless began transporting *The Politician: A Toy* to Cleveland State University's property, while simultaneously servicing and refurbishing various parts, including the fence, handle, tail, and mouth mechanism in his studio.

32. From November 2008 through June 2009, Mr. Lawless re-assembled *The Politician: A Toy* at Cleveland State University.

33. In May and June 2009, Mr. Lawless installed the fencing portion of *The Politician: A Toy* over the course of several days.

34. When Mr. Lawless installed the fencing portion on *The Politician: A Toy* after relocating it to CSU, there were several differences from its prior display: the text was painted white, and there was now text on all four sides of the fencing, instead of just two sides.

35. CSU never covered, complained, or mentioned the additional textual elements.

36. The Sculpture was dedicated at CSU on November 13, 2009.

37. On February 8, 2012, Mr. Lawless installed a textual sculptural element on the Northwest corner of the fence which said "OBAMA SCARE."

38. "OBAMA SCARE" remained on the Sculpture until Mr. Lawless removed it on June 3, 2013.

39. CSU never covered, complained, or mentioned the OBAMA SCARE textual element to Plaintiff.

40. In or around November 2012, Plaintiff became aware that CSU intended to allow a vegetable garden on the property immediately surrounding the Sculpture. Following Plaintiff's objection, CSU decided to not allow the proposed garden to be constructed on the property.

41. The initial term of the Contract expired on or around August 31, 2013; CSU continued to display the Sculpture and pay rent to Plaintiff under the "Holdover" provision of the parties' Contract.

42. On or about January 30, 2015, the parties executed a First Amendment to the Contract, extending the term of the Contract through August 31, 2017, and maintaining the essential terms of the Contract. Exhibit 2.

43. On or about October 5, 2017, the parties executed a Second Amendment to the Agreement, extending the term of the Contract as amended through August 31, 2020. Exhibit 3.

44. On or about March 18, 2018, Plaintiff updated the Sculpture, adding an element which reads, "BUILD A WALL OF PUSSIE."

45. "BUILD A WALL OF PUSSIE" is a reference to President Donald Trump's political messaging regarding building a wall along the Southern border of the United States, as well as his history of misogynist sexualized language, particularly his recorded comments on *Access Hollywood*,[1] and also references the iconic 'pussy'

---

[1] See Daniel Victor, *'Access Hollywood' Reminds Trump: 'The Tape Is Very Real,'* The

8

hats worn by participants in the Women's march of 2017, which mocked Mr. Trump's comments.

46. "BUILD A WALL OF PUSSIE" remained on the Sculpture until Mr. Lawless removed it during the course of routine repairs on April 1, 2018.

47. Mr. Lawless re-installed "BUILD A WALL OF PUSSIE" on October 13, 2018.

48. Upon information and belief, on or about October 15, 2018, CSU and/or John Doe 1 covered, or caused to be covered, the "BUILD OF WALL OF PUSSIE" sculptural element with a re-used vinyl banner.

49. CSU's reused vinyl banner has a CSU logo, and reads, "Welcome Home Viking Alumni."

50. On October 17, 2018, CSU's Fiscal Manager, James Gross, requested that Plaintiff remove the "BUILD OF WALL OF PUSSIE" sculptural element from *The Politician: A Toy*.

51. On October 18, 2018, Plaintiff, through Counsel, asserted his First Amendment rights in his Sculpture, and demanded that CSU remove the covering of the censored text.

52. On November 28, 2018, CSU and/or John Doe 2, through CSU's General Counsel, terminated the Contract.

---

*New York Times*, Nov. 28, 2017, available at
https://www.nytimes.com/2017/11/28/us/politics/donald-trump-tape.html.

## COUNT 1:
## Unlawful Deprivation of Free Speech
## Under the First and Fourteenth Amendments to the U.S. Constitution

53. Plaintiffs reallege all of the above paragraphs as if fully rewritten herein.

54. Defendants' covering the "BUILD A WALL OF PUSSIE" element of the Sculpture violates Plaintiff's rights arising under the First Amendment of the U.S. Constitution by discriminating against Plaintiff's speech based solely on the Sculpture's viewpoint.

55. Defendants' covering the "BUILD A WALL OF PUSSIE" element of the Sculpture violates the First Amendment rights of Plaintiff and the public at large by unlawfully imposing a content-based restriction on speech that was not reasonable in consideration of CSU's invitation for Plaintiff to display his piece of political art.

## COUNT 2:
## Unlawful Retaliation for Protected Expression
## Under the First and Fourteenth Amendments to the U.S. Constitution

56. Plaintiffs reallege all of the above paragraphs as if fully rewritten herein.

57. Plaintiffs had a valid contract with Defendant.

58. Defendants purported to terminate the Contract based solely on Plaintiff's protected speech.

59. Defendants' retaliation for Plaintiff's protected speech violates Plaintiff's First Amendment rights.

## COUNT 3:
## Visual Artists Rights Act (17 U.S.C. § 106A(a)(2)) (Modification)

60. Plaintiffs reallege all of the above paragraphs as if fully rewritten herein.

61. Plaintiff created and owns all interest, including copyright interests, in the Sculpture.

62. Defendants' censorship distorted and mutilated the Sculpture.

63. As a result of Defendants' distortion and mutilation, Defendants have damaged Plaintiff's honor and reputation.

## COUNT 4:
## Visual Artists Rights Act (17 U.S.C. § 106A(a)(3)(A) (Misattribution)

64. Plaintiffs reallege all of the above paragraphs as if fully rewritten herein.

65. Defendants continue to use Plaintiff's name as the author of the modified work after their modification, distortion, and mutilation of the Sculpture.

66. As a result of Defendants' misattribution of the mutilated Sculpture to Plaintiff, Defendants have damaged Plaintiff's honor and reputation.

## COUNT 5:
## Breach of Contract

67. Plaintiffs reallege all of the above paragraphs as if fully rewritten herein.

68. Plaintiffs and Defendant had a valid contract under which CSU would pay Mr. Lawless for the right to display the Sculpture.

69. Plaintiffs performed under the Contract, delivering the Sculpture for display, and maintaining the Sculpture in working order.

70. By the explicit terms of the Contract, Defendant CSU was not permitted to modify the Sculpture in any way.

71. Defendants' covering of the "BUILD A WALL OF PUSSIE" was a modification of the Sculpture, and a breach of the parties' Contract.

72. As a result of Defendant's breach, Plaintiffs have been damaged in an amount to be proven at trial.

### **Declaratory Relief**

73. Plaintiffs reallege all of the above paragraphs as if fully rewritten herein.

74. Defendants' violation of Plaintiff's First Amendment rights has created an actual controversy within this jurisdiction.

75. Mr. Lawless requests a declaration that Defendants' conduct as described herein are continuing violations of his constitutional rights.

### **Injunctive Relief**

76. Plaintiffs reallege all of the above paragraphs as if fully rewritten herein.

77. As a direct and proximate result of Defendants' violation of Plaintiffs' First Amendment rights as described herein, Plaintiffs have been irreparably injured with no adequate remedy at law.

78. Injunctive relief is appropriate in this action because (a) Plaintiffs are likely to prevail on their claims; (b) Plaintiffs continue to suffer irreparable harm without immediate injunctive relief; (c) an injunction would cause no harm to anyone; and, (d) the public would benefit from an injunction.

### **Jury Demand**

79. Plaintiffs hereby demand a trial by jury on all claims raised within this Complaint.

## **Prayer for Relief**

WHEREFORE, Plaintiffs request that this Court:

(1)     Declare Defendants' censorship of the Sculpture unconstitutional;

(2)     Declare Defendants' termination of Plaintiffs' Contract unconstitutional;

(3)     Preliminarily and permanently enjoin Defendant from continuing its censorship of the Sculpture.

(4)     Award Plaintiffs judgment against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00), together with statutory damages, punitive and exemplary damages, attorneys' fees, costs, expenses, and any other relief to which the Plaintiffs may be entitled or that the Court finds is appropriate or equitable.

Dated:  January 24, 2019

Respectfully Submitted,

*/s/ Andrew C. Geronimo*
Andrew C. Geronimo (OH #0086630)
Peter Pattakos (OH # 0082884)
THE PATTAKOS LAW FIRM LLC
101 Ghent Road
Fairlawn, OH 44333
Phone: 330.836.8533
Fax: 330.836.8536
ageronimo@pattakoslaw.com
peter@pattakoslaw.com

## VERIFICATION

I, Billie Lawless, declare as follows:

1. I am a Plaintiff in the present case, a citizen of the United States of America and a resident of the State of Ohio.

2. I have personal knowledge of the facts as set forth in the foregoing Verified Complaint for Damages, Declaratory Relief, and Injunctive Relief, and if called on to testify I would competently testify to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on 23 JAN, 2019.

_____
Billie Lawless