FINAL

## AGREEMENT

THIS AGREEMENT is made this 25th day July, 2008, by and between Cleveland State University, a state-supported university and instrumentality of the State of Ohio established pursuant to Ohio law acting by and through its Board of Trustees with a principal business address at 2121 Euclid Ave., Cleveland, OH 44115 (hereinafter "CSU"); Billie Lawless, a professional artist and sculptor, having his principal studio at 3615 Superior Avenue, Building 14A, Cleveland, OH 44114 (hereinafter the "Artist"); and The Politician: A Toy, Inc., an Ohio not-for-profit corporation, with its principal business address c/o Douglas P. Whipple, 26600 Detroit Road, Cleveland, OH 44145-2397 (hereinafter "The Politician, Inc.").

### WITNESSETH

WHEREAS the Artist has created a sculpture entitled "The Politician, A Toy," consisting primarily of an abstract-like character made of steel, wood, fibers and lights, with moving wheels and mouth, and including the surrounding ironwork fence (hereinafter the "Sculpture," a photo of which is attached hereto as EXHIBIT A), and

WHEREAS the Sculpture is presently located at or near 1930 E. 66th Street, Cleveland, OH, and

WHEREAS CSU, the Artist and The Politician, Inc. (collectively the "Parties" and individually a "Party") mutually desire to relocate the Sculpture to the property of CSU, specifically to the southwest corner of E. 18th Street & Chester Avenue (PPN 102-24-019)        (hereinafter the "Premises"), and to provide for the ongoing operation, maintenance and repair of the Sculpture.

NOW THEREFORE, in consideration of the premises and covenants contained herein, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.      Lease of Sculpture.  The Artist agrees to lease the Sculpture to CSU pursuant to the terms and conditions set forth in this Agreement.   CSU shall pay the Artist One Hundred Twenty

Dollars ($120.00) per year at the end of each annual period covered by this Agreement. CSU shall pay the Artist, without notice or demand, at the office of the Artist or any other place that the Artist may designate in writing.

2.    Term.  The Initial Term of this Agreement shall be for five (5) years ("Term"), commencing on completion of the installation and ending on August 31, 2013, unless terminated for any reason as set forth in this Agreement. After the Initial Term, the Parties may agree in writing to extend the Agreement for additional Terms of five (5) years each.

3.    Termination of Agreement.  During the Initial Term of this Agreement, the Artist may terminate this Agreement at any time and for any reason, upon six (6) months written notice to all Parties, provided that the Artist reimburse CSU for the unamortized portion of the relocation and restoration expenses paid the to Artist pursuant to this Agreement. The amortization shall be based on a straight-line basis over five (5) years, beginning with the effective date of the Initial Term of this Agreement. During the Initial Term of this Agreement, CSU may terminate this Agreement at any time and for any reason, upon six (6) months written notice to all Parties. During subsequent Terms of this Agreement any Party may terminate this Agreement at any time and for any reason upon six (6) months written notice to all Parties.

4.    Holdover.  If CSU retains possession of the Sculpture on the Premises after the expiration of any Term of this Agreement and continues to pay rent without objection from the Artist, then CSU's right to possess the Sculpture shall be from month to month and governed by all terms and conditions of this Agreement. Any such Holdover Period shall not exceed a total of twelve (12) months at which time this Agreement shall terminate unless at such time all Parties agree in writing to extend the Agreement.

5.    Relocation of the Sculpture to the Premises.  The Artist and/or The Politician, Inc. shall be responsible for restoring and transporting the Sculpture to the Premises. CSU shall reimburse the Artist for any actual and reasonable engineering, materials, and labor costs as may be

necessary to restore, transport and install the Sculpture on the Premises. In no event shall the total cost of such engineering, materials and labor costs exceed Forty Thousand Dollars ($40,000.00). The Artist and/or The Politician, Inc. shall transport the Sculpture to the Premises as promptly as practicable, but in any event no later than three (3) months after the date this Agreement is executed.

6.      Foundation and Electrical.  All structural and foundation work as may be necessary to install the Sculpture on the Premises shall be performed by CSU in accordance with the plans generated by I.A. Lewin, P.E. and Associates, mechanical work in accordance with the plans of Joseph Prhal, and electrical work in accordance with the plans of Gedeon Frederick and Co.  Such plans will be provided at the sole expense of the Artist and be subject to the approval and acceptance of CSU's Director or Capital Planning.  CSU reserves the right to alter any such plans to comply with all applicable zoning and construction codes and and/or safety requirements; or, as may be required to accommodate the topography or other unique site characteristics of the Premises; however no such alteration will interfere in a substantial manner with the appearance or operation of the Sculpture.

7.      Permits.  CSU shall be responsible for applying for any zoning changes or variances, use permits, or any and all other permits necessary for the Sculpture's installation on the Premises.

8.      Recent Restoration Expenses.  Within thirty (30) days of the execution of this Agreement, CSU will reimburse the Artist in the amount of Four Thousand Five Hundred Forty-Nine and Dollars and Sixteen Cents ($4,549.16) for recent restoration expenses as itemized in EXHIBIT B.

9.      Publicity.  CSU will extend an invitation to the Artist and The Politician, Inc. to participate in any publicity pertaining to the relocation, restoration, installation and/or rededication of the Sculpture, and will give reasonable prior notice of same.

10.     Ongoing Maintenance and Repair of the Sculpture.  CSU agrees to reimburse the Artist for the ongoing maintenance and repair of the sculpture. Prior to incurring any maintenance

and repair costs, The Artist shall provide CSU with a detailed estimate of proposed costs, which will be subject to the review and approval of CSU. The proposed maintenance schedule is attached hereto as **EXHIBIT C.**

      **11.**    <u>Sculpture Operation & Lighting</u>.  CSU will consult with the Artist concerning the design of the lighting of the Sculpture and the operation and lighting schedule.  CSU agrees to provide the utilities required by the operation and lighting schedule.  The proposed operation and lighting schedule is attached hereto as **EXHIBIT D.**  CSU agrees to be responsible for the upkeep of the Premises.

      **12.**    <u>Insurance</u>.  During the Term of this Agreement, the Artist and/or The Politician, Inc. shall maintain insurance covering the Sculpture against loss or damage by fire, vandalism, malicious mischief, terrorism, windstorm, hail, smoke, explosion, riot, civil commotion, vehicles, aircraft, flood or earthquake.  The insurance shall be carried by insurance companies authorized to transact business in Ohio.  In addition, the policy or policies shall meet the following conditions:

    a.  The insurance shall be in an amount no less than One Hundred Percent (100%) of the replacement cost of the Sculpture.

    b.  The insurance shall be maintained for the protection of the Artist, The Politician, Inc. and CSU and shall name all Parties as insureds.

    c.  Any and all insurance proceeds that become payable at any time during the Term of this Agreement because of damage to or destruction of the Sculpture shall be payable to CSU and applied to CSU's cost of repairing, restoring and replacing the damaged or destroyed portions of the Sculpture in the manner required by Paragraph 16 of this Agreement.  However, if CSU elects to exercise the option provided under Paragraph 16 of this Agreement to terminate this Agreement because of damage to or destruction of the Sculpture, then any and all insurance proceeds that become payable as a

result of that damage or destruction shall be paid to the Artist to compensate the Artist for such damage to or destruction of the Sculpture, except for any unamortized portion of the relocation and restoration expenses paid to the Artist pursuant to this Agreement and/or to the extent that such insurance proceeds are paid to compensate for damages to the Premises.

d. During the Term of this Agreement, CSU shall reimburse the Artist and/or The Politician, Inc. for the cost of the premium for the insurance described in this Section.

13. <u>Liability Insurance</u>. During the Term of this Agreement, Artist and/or the Politician, Inc. shall maintain commercial general liability insurance including premises and completed operations liability coverage and insuring against all claims and liability for personal injury, death and property damage, arising from the Sculpture. The insurance shall be carried by insurance companies authorized to transact business in Ohio. In addition, the policy or policies shall meet the following conditions:

a. The insurance shall be in an amount no less than. One Million Dollars ($1,000,000.00) per occurrence for bodily injury and property damage

b. The insurance shall be maintained for the protection of the Artist and The Politician, Inc. and CSU and shall name all Parties as insureds.

c. During the Term of this Agreement, CSU shall reimburse the Artist and/or The Politician, Inc. for the cost of the premium for the insurance as described in this Section.

14. <u>Certificates of Insurance</u>. The Artist and/or The Politician, Inc. shall furnish CSU with certificates of all insurance required by this Agreement and, at CSU's request, shall furnish copies of the insurance policies. The certificates shall evidence a notice of at least thirty (30) days to CSU of cancellation of or material change to any policy. If the Artist and/or The Politician, Inc. does not keep

such insurance in full force and effect, the Artist and/or The Politician, Inc. must notify CSU of this failure immediately. Within ten (10) days following such notice, CSU may, at its option, acquire and pay the premiums on the insurance needed to fulfill the Artist's obligations under this Agreement or terminate the Agreement.

15.   **Alteration or Modification of the Sculpture.**  CSU shall have no right or power to alter, modify, disassemble or demolish the Sculpture, or to materially alter the area included within the fence surrounding the Sculpture without the prior written consent of the Artist.

16.   **Damage or Destruction; Option to Terminate or Repair.**  In the event that the Sculpture is damaged or destroyed by any cause whatsoever, CSU may elect either of the following options:

   a.  Within sixty (60) days, CSU shall commence and diligently pursue to completion the repair, restoration, or replacement of the damaged or destroyed portions of the Sculpture, and this Agreement shall remain in full force and effect, with no abatement in rent.

   b.  CSU shall terminate this Agreement on sixty (60) days written notice to the Artist, and shall quit and surrender the Sculpture to the Artist, in which case CSU shall pay for all costs incurred in the demolition and removal of the Sculpture from the Premises.

17.   **Consultation.**  As provided in this Agreement, and as otherwise reasonably necessary throughout the Term of this Agreement, The Artist and The Politician, Inc. shall reasonably make himself and themselves available to CSU for consultation and promotional purposes at no additional cost to CSU.

18.   **Copyright.**  The Artist warrants and certifies that he has asserted and owns a copyright in the design, name and other artistic and copyrightable features of the Sculpture.  The Artist hereby gives CSU permission to generate publicity regarding the Sculpture with proper

attribution to the Artist. The Artist and The Politician, Inc., jointly and severally, agree to defend, indemnify and hold CSU harmless from and against any and all claims, demands, and causes of action that the Sculpture infringes any patent, copyright, utility model, industrial design, trade secret, trademark or other similar proprietary right of any third party. The Artist and The Politician, Inc., jointly and severally, agree to pay all costs of such defense and settlement and any and all penalties, costs, damages and attorneys' fees.

19. <u>Entry and Inspection of the Sculpture</u>. The Artist, or his agents or designees, shall have the right to enter upon the Premises with reasonable notice during business hours to inspect, or to complete any work that may be necessary because of CSU's breach of any of the terms and conditions of this Agreement, or to show the Sculpture to potential buyers and agents.

20. <u>Right of First Refusal</u>. In the event that the Artist receives a bona fide written offer to sell the Sculpture during the Term of this Agreement, the Artist will notify CSU within two (2) business days. Upon receipt of notification of such a bona fide written offer, CSU will have thirty (30) days to inform the Artist in writing of its intent to exercise an unrestricted right of first refusal to purchase the Sculpture.

21. <u>Delivery of Possession upon Termination</u>. On or before the expiration or termination of this Agreement, CSU shall promptly surrender the Sculpture to the Artist in good order, condition and repair. The Artist, at his sole expense, is responsible for removing the Sculpture from the Premises as promptly as practicable, but in any event no later than three (3) months after the effective date of such expiration or termination of this Agreement.

22. <u>Liability</u>. Each Party to this Agreement agrees to be responsible for any negligent acts or negligent omissions by or through itself or its agents, employees and contracted servants and each Party further agrees to defend itself and themselves and pay any judgments and costs arising out of such negligent acts or negligent omissions, and nothing in the Agreement shall impute or transfer any such responsibility from one to the other.

23.    Remedies. In the event of a breach and/or default of any of the provisions, obligations or duties embodied in this Agreement, the Parties may exercise any administrative, contractual, equitable or legal remedies available. Any action or proceeding against any of the Parties to this Agreement or the subject matter hereof shall be brought and enforced exclusively in the competent courts of Ohio, and the Parties to this Agreement consent to the exclusive jurisdiction of such courts with respect to any such action or proceeding.

24.    Assignment. No Party may assign it rights and/or responsibilities pursuant to this Agreement without the prior written consent of the other Parties.

25.    Notices. All notices and demands of any kind that a Party may be required or may desire to give to another Party in connection with this Agreement must be given at the Party's address as set forth above. A Party may change the address to which notices to that Party are to be directed by written notice of the change to all Parties.

26.    Severability. If any term, covenant or condition of this Agreement shall be invalid or unenforceable to any extent, the remainder of the terms, covenants and conditions of this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

27.    Waiver. The failure of a Party to seek redress for violation of or to insist on strict performance of any covenant, agreement, term, provision or condition of this Agreement shall not constitute a waiver of the covenant, agreement, term, provision or condition. No provision of this Agreement shall be deemed to have been waived, unless the waiver is in writing and signed by the Party against whom enforcement is sought.

28.    Beneficiaries. This Agreement shall inure to the benefit of and be binding on each Party and its respective personal representatives, executors, successors and assigns, except as specifically otherwise provided herein.

29. <u>Construction</u>. This Agreement was the result of mutual negotiations and shall not be construed as having been prepared by any one Party. The paragraph headings have been inserted solely for the purpose of simplified reference and shall not in any way control the construction of the language herein. All Exhibits attached hereto constitute an integral part of this Agreement and are hereby incorporated herein by reference.

30. <u>The Artist and The Politician, Inc.</u>  The Parties agree that in the event that the Artist dies or is adjudicated legally incompetent during the Term of this Agreement and/or while the Sculpture is on the Premises, any reference in this Agreement to the Artist shall be amended by replacing such reference with The Politician, Inc. Notwithstanding anything in this Section, title to the Sculpture shall at all times remain with the Artist, his executors, successors and/or heirs during the Term of this Agreement and the terms and conditions of this Agreement shall be binding on the Artist's executors, successors and/or heirs, as applicable.

31. <u>Governing Law</u>. This Agreement is governed by the laws of the State of Ohio and the Parties to this Agreement consent to the exclusive jurisdiction of the competent courts of Ohio.

32. <u>Compliance with all Laws.</u> The Parties agree to comply with all applicable federal state and local laws, ordinances, rules and regulations, as they may be amended from time to time, and specifically with Ohio Ethics and Conflicts of Interest Laws and Executive Order 2007-01S, as applicable to this Agreement. If any part of this Agreement is determined to violate federal, state, or local laws, rules, or regulations, the Parties agree to attempt, in good faith, to negotiate revisions to any such provisions. If the Parties fail to agree within a reasonable time to the revisions required to bring the entire Agreement into compliance, either Party may terminate this Agreement upon sixty (60) days prior written notice to the other Parties.

33. <u>Entire Agreement</u>. This Agreement represents the entire agreement between the Parties hereto with respect to the subject matter hereof, and may amended or modified only though a writing executed by all Parties.

IN WITNESS WHEREOF, the Parties hereto have set their hands to this Agreement, as of the day and year first written above.

CLEVELAND STATE UNIVERSITY:

John J. Boyle III
Vice President for Business Affairs & Finance

ARTIST:

Billie Lawless

THE POLITICIAN, A TOY, INC.:

Douglas P. Whipple, President

Page 10 of 10



| EXHIBIT B: REIMBURSABLE EXPENSES | | |
|---|---|---|
| Invoice | Date | Amount |
| Applied Industrial Technologies | 04/26/07 | $375.47 |
| Ced-Leader Electrical Supply | 06/21/07 | $4.64 |
| Dayton Freight | 04/30/07 | $0.00 |
| McMaster-Carr | 08/16/07 | $186.28 |
| Grainger | 01/11/07 | $1,331.19 |
| Ohio Pipe, Valves & Fittings | 06/15/07 | $13.65 |
| Plascore | 05/01/07 | $470.79 |
| Spee-D-Metals | 06/19/07 | $15.00 |
| Spee-D-Metals | 06/22/07 | $60.00 |
| Tru-Trac Services | 02/19/07 | $1,614.82 |
| The Politician, A Toy | misc | $2,168.00 |
| | | $6,239.84 |

## EXHIBIT C:  MAINTENANCE SCHEDULE

1.  Change transmission oil once a year.

2.  Change wheel bearings every three to four years.

3.  Replace 13-inch black and white televisions as needed.

4.  Repainting every three to five years as needed.

5.  Refinish and seal handle every ten years.

6.  Replace drive belt for mouth every ten years.

7.  Repaint/repair fence every ten years.

8.  Replace motor every five to eight years as needed.

9.  Replace Flex-dyne inter-transmission to motor coupler every three to five years.

10.  Rebuild transmission every ten years.

11.  Cosmetically refurbish tail as needed.

## **EXHIBIT D:  OPERATING AND LIGHTING SCHEDULE**

Operating schedule:         6 AM to midnight.

Lighting schedule:          Dusk to midnight.