# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **BILLIE LAWLESS, et al.,** | Case No. 1:19-cv-00178 |
| Plaintiffs, | **Judge Dan A. Polster** |
| v. | **MOTION TO AMEND JANUARY 25, 2019 JUDGMENT ENTRY UNDER FED.R.CIV.P. 59(e)** |
| **CLEVELAND STATE UNIVERSITY, et al.,** | |
| Defendants. | |

Plaintiff Billie Lawless hereby moves under Fed.R.Civ.P. 59(e), for alteration or amendment of the judgment entry dated January 25, 2019 (ECF No. 5), which stated that the Court denied Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff requests such relief because (1) the Court applied the incorrect legal standard in deciding the Motion, and (2) it is not apparent from the Order that the Court intended to rule on the portion of Plaintiff's Motion relating to a preliminary injunction (as opposed to the temporary restraining order).

Thus, because, (1) Plaintiff has demonstrated a likelihood of success on the merits on his First Amendment and VARA claims (as set forth fully in Plaintiff's Motion ECF No. 2), and, (2) that factor is dispositive in First Amendment and VARA cases, where even "minimal" violations "unquestionably constitute irreparable injury," Plaintiff requests that the Court:

> (1) amend its Order to grant immediate injunctive relief and schedule a preliminary injunction hearing, or,
>
> (2) in the alternative, clarify that Plaintiff's Motion for Preliminary Injunction remains pending, and set a briefing schedule for the preliminary injunction hearing.

I. **Plaintiff is not required to demonstrate an "emergency" in order to obtain injunctive relief, as "irreparable harm" is presumed as to First Amendment violations.**

The Court's Order denying Plaintiff's motion does not cite or apply controlling law. As to the merits of Plaintiff's Motion, the Order states:

> Judge Polster explained to Lawless and his counsel that, given the 3+ months that had elapsed since the University first covered up the Sculpture's phrase, he did not believe that an emergency existed and therefore a TRO was inappropriate.

Order at 2. This portion of the Order can only be read as either a misstatement or misapplication of the applicable standard in granting injunctive relief, which requires the Court to weigh Plaintiff's likelihood of success on the merits, a showing of irreparable harm, and the considerations of the interests of the defendant and the public if Plaintiff's motion were granted.[1] As cited in Plaintiff's Motion (ECF No. 2), in First Amendment cases, the irreparable harm factor "merges" with the likelihood of success, such that if the plaintiff shows he is likely to succeed on the merits, he has simultaneously proven he will suffer an irreparable harm. *See Elrod v. Burns*, 427 U.S. 347, 373-74 (1976) ("It is clear therefore that First Amendment interests were either threatened or in fact being impaired at the time relief was sought. The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). If Plaintiff's Motion set forth a meritorious claim, every moment

---

[1] In the context of a preliminary injunction, a reviewing court would review whether the trial court "improperly applied governing law or used an erroneous legal standard" *de novo. Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 649 (6th Cir. 2007), *quoting Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003).

2

that CSU continues to infringe his rights constitutes irreparable harm.

Indeed, during the telephonic conference, the Court acknowledged Mr. Lawless's First Amendment right to free speech regarding his art. Insofar as the Court's reference to "emergency" equates to an evaluation of irreparable harm, any First Amendment violation is irreparable. The Supreme Court has said that with in the case of prior restraints, "each passing day may constitute a separate and cognizable infringement of the First Amendment," and "any First Amendment infringement that occurs with each passing day is irreparable." *Nebraska Press Ass'n v. Stuart*, 423 U.S. 1327, 1329 (1976). This is so because "a prior restraint, by ... definition, has an immediate and irreversible sanction." *Nebraska Press Ass'n. v. Stuart*, 427 U.S. 539, 559 (1976). The Sixth Circuit has stated "even minimal interference with first amendment freedoms causes an irreparable injury." *In re King World Prod.*, 898 F.2d 56, 59 (6th Cir. 1990), *see also Newsom v. Norris*, 888 F.2d 371, 378 (6th Cir. 1989) ("The Supreme Court has unequivocally admonished that even minimal infringement upon First Amendment values constitutes irreparable injury sufficient to justify injunctive relief.").

## II. The Court's Order does not differentiate between a temporary restraining order and a preliminary injunction.

While the January 25 Order states that "Plaintiffs' Motion for Temporary Restraining Order and Motion for Preliminary Injunction, Doc #: 2 is hereby DENIED," the text of the Order only references the TRO. Order at 2.[2] Plaintiff understood that the

---

[2] While the denial of a motion for a temporary restraining order is ordinarily not immediately appealable, such a decision is appealable "if it is tantamount to a ruling on a preliminary injunction." *Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 572.

3

telephonic conference related only to his request for a temporary restraining order, and not the request for a preliminary injunction. Given the urgency with which the Court considered Plaintiff's TRO request, it is understandable that the Order would only pertain to the TRO motion, and not a decision as to whether an injunction should issue at all. No reference to Plaintiff's filings or the authority cited therein appear in the Order, nor any mention of the applicable standard for granting injunctive relief. For these reasons, Plaintiff requests that the Court amend its January 25 Order to make clear that it refers only to Plaintiff's request for a temporary restraining order and not the request for a preliminary injunction, which may be determined shortly upon Defendants' submission of law and argument in support of their position on the issue and further consideration by the Court.

    Respecfully submitted,

    */s/ Andrew C. Geronimo*
    Andrew C. Geronimo (OH #0086630)
    Peter Pattakos (OH # 0082884)
    THE PATTAKOS LAW FIRM LLC
    101 Ghent Road
    Fairlawn, OH 44333
    Phone: 330.836.8533
    Fax: 330.836.8536
    ageronimo@pattakoslaw.com
    peter@pattakoslaw.com

    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2019, I filed a copy of this Motion for Reconsideration with the Court's electronic filing system, which will send notice to all counsel of record. I also emailed a copy to:

Amy Golian
Ashley Barbone
Samuel C. Peterson
*Office of Ohio Attorney General Dave Yost*
30 East Broad St., 16th Fl.
Columbus, OH 43215
amy.golian@ohioattorneygeneral.gov
Ashley.Barbone@ohioattorneygeneral.gov
samuel.peterson@ohioattorneygeneral.gov


Sonali Wilson
George Hamm, Jr.
*Office of the General Counsel, Cleveland State University*
2121 Euclid Ave., AC 327
Cleveland, OH 44115
s.b.wilson@csuohio.edu
g.hamm62@csuohio.edu

                                                   */s/ Andrew C. Geronimo*
                                                   Andrew C. Geronimo (OH #0086630)
                                                   *Attorney for Plaintiffs*